JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 23 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE THE UPJOHN CO. ANTIBIOTIC ) DOCKET NO. 343
"CLEOCIN" PRODUCTS LIABILITY LITIGATION )

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of fifteen actions pending
in twelve districts as follows:

| | |
|---|---|
| Eastern District of Louisiana | 3 actions |
| Eastern District of Wisconsin | 2 actions |
| Western District of Louisiana | 1 action |
| District of Massachusetts | 1 action |
| Eastern District of Michigan | 1 action |
| Eastern District of Missouri | 1 action |
| Northern District of New York | 1 action |
| District of North Dakota | 1 action |
| District of South Carolina | 1 action |
| Eastern District of Texas | 1 action |
| Western District of Washington | 1 action |
| Western District of Wisconsin | 1 action |

The Upjohn Company (Upjohn) is the principal defendant
in all fifteen actions.  Plaintiffs in each action have been
users of the antibiotic, Clindamycin, that is marketed by
Upjohn under the trademark "Cleocin."  Generally, plaintiffs
in these actions allege that they suffered severe side
effects in the form of colitis, diarrhea or other gastroin-
testinal injuries as a result of taking Cleocin.  Liability
against Upjohn in each of the actions is based on negligence
in, inter alia, failing to warn of the dangers inherent in

taking Cleocin, strict liability, and/or breach of warranties. Plaintiffs' physicians, insurance companies, a hospital and/or a pharmacy are additional defendants in five actions.

This litigation is before the Panel on the motion of plaintiffs in the New York action for transfer, pursuant to 28 U.S.C. § 1407, of all actions pending in districts other than the Eastern District of Louisiana to that district for coordinated or consolidated pretrial proceedings with the three actions pending there. Plaintiffs in nine actions have joined in the motion to transfer. Upjohn opposes transfer. Additional codefendants with Upjohn in two actions and plaintiffs in two actions oppose transfer of their respective actions. Upjohn also states that it would favor a Michigan transferee forum if the Panel determines that centralized pretrial proceedings are appropriate in this litigation.

We find that these actions involve common questions of fact and that, with the exception of the Missouri action, the Western District of Wisconsin action and one of the Eastern District of Wisconsin actions, their transfer under Section 1407 to the Eastern District of Michigan will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]/

Upjohn denies that common questions of fact will predominate in this litigation. It urges that discovery

_____

[1]/ Upjohn is ordered to keep the Clerk of the Panel informed of any tag-along actions in this litigation. See Rule 1, R.P.J.P.M.L., 65 F.R.D. 253, 255 (1975).

on the issue of damages will be unique to each action
and that even with respect to the issue of liability,
discovery unique to each action will be required regarding
the prescribing physician's testimony; whether the drug
taken was manufactured, distributed, or sold by Upjohn;
the **representations made by Upjohn to the prescribing**
physician; the physical condition of the plaintiff at
the time the drug was administered; the testimony of
the plaintiff's expert witnesses; and the testimony of
the Upjohn employee who may have dealt with the prescribing
physician.

Upjohn also argues that transfer under Section 1407
is unnecessary because most actions in this litigation
are proceeding expeditiously towards trial, with discovery
completed and trial dates set in several actions.  Similarly,
additional parties in two actions oppose inclusion of
their respective actions in centralized pretrial proceedings
because of the advanced stage of their particular action.
Finally, in one action, codefendants argue against **transfer**
of the claims brought against them on the grounds that
those claims, based on theories of medical malpractice,
will be unique to their action and will share no factual
questions with the claims against Upjohn.

We are persuaded that centralized pretrial proceedings
under Section 1407 are appropriate in this litigation.
Although we recognize that some individual factual issues
will be present in each action, an analysis of the complaints

reveals a commonality of factual questions concerning the testing, manufacturing, and marketing of Cleocin; the causal relationship between ingestion of Cleocin and contraction of severe side effects; and Upjohn's foreknowledge of these side effects.  Thus centralization pursuant to Section 1407 is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings.  Any discovery unique to a particular party, action, or claim can be scheduled by the transferee judge to proceed concurrently with the common discovery, thus enhancing the efficient processing of the litigation.  See In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 406 F.Supp. 540, 542 (J.P.M.L. 1975).

On the basis of the record before us, it appears that discovery has been completed and trial scheduled in the Missouri action, the Western District of Wisconsin action and one of the Eastern District of Wisconsin actions.  Accordingly, transfer of these three actions would not now be appropriate and they will therefore be excluded from our transfer order. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975).  Some parties have argued that additional actions are also sufficiently advanced to warrant their exclusion from transfer.  We recognize that all actions are not at the same stage of discovery but, based on the information

before us, we conclude that the remaining actions in this litigation will all benefit from transfer under Section 1407.  We note that if and when an action or claim is, in fact, ready for trial, or otherwise ready for remand because the transferee judge finds that the centralized pretrial proceedings pertaining to that action or claim are completed, the transferee judge may suggest that the Panel remand the action or claim to its transferor district.  See 28 U.S.C. §1407(a); Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260-63 (1975).  And, of course, any discovery heretofore completed may be made applicable to all actions by utilizing the procedures recommended in the Manual for Complex Litigation, Parts I and II, §§3.11 (rev.ed. 1977).

Movants favor the Eastern District of Louisiana as the transferee forum because it is centrally located, three actions are pending there, and the judge there has developed an expertise in this litigation as a result of presiding over the trial of a related action. We are persuaded, however, that the Eastern District of Michigan is the preferable forum for this litigation. Movants' representative at the hearing before the Panel emphasized that extensive discovery at Upjohn's headquarters in Kalamazoo, Michigan, of Upjohn records and research files is necessary for complete and full prosecution of this litigation.  It is thus likely that many relevant documents

and witnesses will be found in Kalamazoo. Because we
are reluctant  to transfer multidistrict litigation to
a district wherein none of the constituent actions is
pending, we are transferring this litigation to the closest
district to Kalamazoo wherein an action before us is
pending. See In re Practice of Naturopathy Litigation,
434 F.Supp. 1240, 1243 (J.P.M.L. 1977). Also, in the
context of the actions presently before us, the Eastern
District of Michigan is in a geographically central and
convenient location.

IT IS THEREFORE ORDERED that transfer pursuant to
28 U.S.C. § 1407 of the  actions entitled Paula Stanfield
v. The Upjohn Co., E. D. Missouri, C. A. No. 77-0557-C(2);
William and Barbara Weisz v. The Upjohn Co., et al., E. D.
Wisconsin, C. A. No. 75-C-258; and Charles M. Whipkey v. The
Upjohn Co., W. D. Wisconsin, C. A. No. 75-C-553, be, and the
same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407,
the remaining actions listed on the following Schedule A and
pending in districts other than the Eastern District of Michigan
be, and the same hereby are, transferred to the Eastern District
of Michigan and, with the consent of that court, assigned to
the Honorable Cornelia G. Kennedy for coordinated or
consolidated pretrial proceedings with the action listed on
Schedule A and pending in that district.

DOCKET NO. 343

### EASTERN DISTRICT OF TEXAS

Daween Dillingham v. The Upjohn Co.　　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. S-75-112-CA

### EASTERN DISTRICT OF LOUISIANA

Barry C. Escher v. The Upjohn Co., et al.　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 75-1745F(4)

O. L. Mauldin v. The Upjohn Co., et al.　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 75-948F(2)

Alta Garrett McClanahan v. The Upjohn Co.　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 75-1274F(5)

### DISTRICT OF SOUTH CAROLINA

Kirk A. King v. The Upjohn Co.　　　　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 76-758

### WESTERN DISTRICT OF LOUISIANA

Louis Hyatt v. The Upjohn Co.　　　　　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 75-0398

### DISTRICT OF MASSACHUSETTS

Eileen C. Sanderson, et al. v. The Upjohn Co.,　Civil Action
et al.　　　　　　　　　　　　　　　　　　　　　No. 75-4228-F

### WESTERN DISTRICT OF WASHINGTON

Richard M. and Alberta L. Schatz v. The Upjohn　Civil Action
Co.　　　　　　　　　　　　　　　　　　　　　　　No. C75-51S

### EASTERN DISTRICT OF WISCONSIN

Steven R. Schwan v. The Upjohn Co.　　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 77-C-363

William and Barbara Weisz v. The Upjohn Co.,　　Civil Action
et al.　　　　　　　　　　　　　　　　　　　　　No. 75-C-258

### WESTERN DISTRICT OF WISCONSIN

Charles M. Whipkey v. The Upjohn Co.　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 75-C-553

### EASTERN DISTRICT OF MISSOURI

Paula Stanfield v. The Upjohn Co.　　　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　　　　　　　No. 77-0557C(2)

DOCKET NO. 343

### NORTHERN DISTRICT OF NEW YORK

Walter J. and Agnes Wojcik, Jr. v. The Upjohn      Civil Action
Co.                                                No. 75-CV-541

### DISTRICT OF NORTH DAKOTA

Dale G. Niewoehner v. The Upjohn Co.              Civil Action
                                                  No. A77-4019

### EASTERN DISTRICT OF MICHIGAN

Juanita and Zasil Stavro v. The Upjohn Co.       Civil Action
                                                  No. 77-1761